UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff, and<br><br>SHERRY L. BROWN,<br><br>          Plaintiff-Intervenor,<br><br>v.<br><br>MERRILL PINE RIDGE, LLC, d/b/a NEW PINE RIDGE RESTAURANT; and KIM'S WISCONSIN LLC, d/b/a NEW PINE RIDGE RESTAURANT;<br><br>          Defendants. | Civil Action No. 11-cv-589<br><br>**CONSENT DECREE** |

On August 22, 2011, the U.S. Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 11-cv-589 (W.D. Wis.) against Merrill Pine Ridge LLC, d/b/a New Pine Ridge Restaurant, under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, alleging that the Restaurant violated Title VII by subjecting Sherry L. Brown and other female employees of the Restaurant to a sexually hostile working environment and not exercising reasonable care to prevent and promptly correct the sexual harassment. The EEOC's Complaint also alleged that the Restaurant violated Title VII when it terminated the employment of Brown and other female employees after they complained of the sexual harassment. The Complaint sought injunctive relief as well as back pay and compensatory and punitive damages for Ms. Brown and the other women.

On February 1, 2012, acting through counsel, Ms. Brown filed a complaint-in-intervention, pursuant to Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1), against

Merrill Pine Ridge LLC and against Shahi Selmani and Qemal Alimi individually, making the same allegations made by the EEOC under Title VII and also alleging that those defendants had violated Ms. Brown's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and the Wisconsin Criminal Code. (The claims against Mr. Selmani and Mr. Alimi were later dismissed.)

On August 17, 2012, the EEOC amended its Complaint to add Kim's Wisconsin LLC, d/b/a New Pine Ridge Restaurant, as an additional defendant under Title VII, and made the same allegations against Kim's Wisconsin LLC as it had against Merrill Pine Ridge LLC in its original Complaint of August 22, 2011.

The EEOC, Sherry L. Brown (now known as Sherry L. Meyer), and defendants Merrill Pine Ridge LLC and Kim's Wisconsin LLC (hereinafter "the Defendants") have agreed to this Consent Decree, which shall fully and finally resolve all claims asserted on behalf of Ms. Meyer in the Complaints filed by the EEOC and Ms. Meyer in Civil Action No. 11-C-589 (W.D. Wis.). This Consent Decree shall be final and binding on the EEOC, on Ms. Meyer, and on the Defendants, the Defendants' directors, officers, agents, employees, successors, and assigns, and all persons in active concert or participation with the Defendants.

## CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

### Non-Discrimination

1. <u>Jurisdiction</u>. This Court has jurisdiction over the parties and the subject matter of this action.

2. <u>Public Interest</u>. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties and the public.

3. <u>Prohibition Against Title VII Violations</u>. The Defendants are enjoined from engaging in any employment practice which constitutes sexual harassment or unlawful retaliation under Title VII. Specifically, the Defendants are enjoined from allowing the creation or maintenance of a sexually hostile or retaliatory work environment in their facilities.

4. <u>Compliance with Title VII</u>. The Defendants shall comply with all provisions of Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the Defendants' obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against the Defendants in the future, or the Defendants' ability to defend against any such claims.

5. <u>No Retaliation</u>. The Defendants will not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any employee because he or she opposed any action or practice which is unlawful under Title VII. The Defendants will not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by the Defendants), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the law.

Monetary Relief

6. <u>Settlement Payment and Releases</u>. The Defendants agree to pay $41,000 to Sherry L. Meyer in full and final settlement of all claims which were raised in the Complaints filed by the EEOC and Ms. Meyer. Before she receives that amount, Ms. Meyer shall sign the

release attached as **Exhibit A** to this Consent Decree, which release has been approved by her private counsel, and the EEOC shall promptly convey her executed release to the Defendants.

7.  <u>Mailing of Settlement Check.</u> Within ten business days of the receipt of the signed release, or of the entry of this Consent Decree by the Court, whichever occurs later, the Defendants shall send the settlement check by certified U.S. mail, return receipt requested, to the Law Offices of Richard J. Wasik, 3400 W. 111th Street – Suite 330, Chicago, IL 60655. The check shall be made payable to "Sherry L. Meyer and Richard J. Wasik, Esq." On the same day, the Defendants shall mail (or e-mail) a photocopy of the check to Dennis R. McBride, Senior Trial Attorney, Equal Employment Opportunity Commission, 310 West Wisconsin Avenue – Suite 800, Milwaukee, WI 53203-2292.

<u>Posting of Notice</u>

8.  Within 10 business days after the Court's entry of this Consent Decree, the Defendants shall post same-sized copies of the Notice attached as **Exhibit B** to this Decree on the bulletin board(s) at the Defendants' Merrill, Wisconsin, restaurant and gas station facilities usually used for communicating human resources matters to employees. The notice shall remain posted for 36 months from the date of entry of this Decree by the Court. Within 10 business days of the posting, the Defendants also shall send a letter to Dennis R. McBride at the address listed in Paragraph 6 above, enclosing a copy of the Notice, as signed by the Defendants, and stating the date and locations of its posting. The Defendants shall ensure that the postings are not altered, defaced, or covered by any other material. If the posted copies are removed or become defaced or otherwise illegible, as soon as practical the Defendants shall re-post clean and readable copies in the same manner as previously specified.

Training

9.     Training Session.  No later than May 29, 2013, the Defendants shall provide to their owner and to all of their employees, managers, and supervisors at their Merrill, Wisconsin, restaurant and gas station – including, but not limited to, Qemal Alimi and Shpendi Alimi – training regarding the rights of applicants and employees under Title VII and the employer's obligations under Title VII, with an emphasis on sexual harassment, how to keep the Defendants' operations free of such discrimination, and what constitutes unlawful retaliation.  The training shall be for a minimum of four hours and shall include a live presentation by Attorney Jeff Scott Olson, who shall emphasize the Defendants' commitment to prevent discrimination and retaliation and the protections afforded by Title VII to those who complain of sex discrimination. Any non-supervisory employee who cannot attend the training may watch a video of the training in order to achieve compliance with this provision.  Within five business days after the training has occurred the Defendants shall provide the EEOC with copies of all written materials provided to the participants of the training sessions.

10.    Certification of Training.  Within five business days after the training has occurred, the Defendants shall send a letter to Dennis R. McBride, at the address listed in Paragraph 7 above, certifying to the EEOC that the training has taken place and that the required personnel have attended.

Reporting

11.    Discrimination and Retaliation Complaints.  Every six months for three years from the entry of this Consent Decree and Order, the Defendants shall report the following information to the EEOC:  (a) the names, addresses, and telephone numbers of all employees at the Defendants' Merrill, Wisconsin, restaurant and gas station facilities who make a formal or informal complaint of discrimination and/or retaliation on the basis of sex; (b) a summary of the

5

nature of the complaint or allegation, with details including the specific facts of the complaint, the persons involved, and the actions taken by the Defendants to promptly and effectively deal with the complaint or allegation; (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation; and (d) a description of all changes in the terms or conditions of employment for any employee who has made, within the preceding year, an internal complaint or allegation of retaliation under Title VII, or filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under Title VII. The Defendants shall make the reports in writing to Dennis R. McBride at the address listed in Paragraph 6 above for the six-month periods ending on June 30, 2013; December 31, 2013; June 30, 2014; December 31, 2014; June 30, 2015; and December 31, 2015, and shall be submitted with 14 business days of the expiration of each such period.

## Dispute Resolution

12. If any party to this Consent Decree believes that any other party has failed to comply with any provision of the Decree, within 10 business days the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-compliant party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied. If the alleged non-compliant party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

13. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

14. This Decree shall be filed in the United States District Court for the Western District of Wisconsin and shall continue in effect for three years from the date on which this Decree is entered.

15. The terms of this Decree are and shall be binding upon the Defendants' present and future representatives, agents, directors, officers, assigns, and successors, in their capacities as representatives, agents, directors, and officers of the Defendants and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court if any individual is found in contempt for a violation of this Decree.

16. This Decree fully and finally resolves all claims arising out of the Charge of Discrimination filed by Ms. Meyer against the Defendants, EEOC Charge No. 443-2009-38668C and ERD Case No. CR201000840. This Decree also fully and finally resolves all claims asserted on behalf of Ms. Meyer in the Complaints filed by the EEOC and Ms. Meyer in the Complaints and Amended Complaint in Civil Action No. 11-C-589 (W.D. Wis.).

17. This Court shall retain jurisdiction over this action for the duration of this Consent Decree in order to enforce the terms of the Decree.

SO ORDERED, ADJUDGED, AND DECREED this 14th day of January 2013.

By the Court:

William M. Conley
United States District Judge

Agreed to in form and content:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
By its attorneys:

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

7

|  |  |
|---|---|
|  | Equal Employment Opportunity Commission<br>131 M Street, N.W.<br>Washington, D.C. 20507-0100 |
| Dated: January 11, 2013 | s/ *John C. Hendrickson*<br>John C. Hendrickson, Regional Attorney<br>Jean P. Kamp, Associate Regional Attorney<br>EEOC Chicago District Office<br>500 West Madison Street - Suite 2800<br>Chicago, IL 60661<br>*Telephone*: (312) 869-8116<br>*Fax*: (312) 353-8555<br>*E-mail*: john.hendrickson@eeoc.gov<br>*E-mail*: jean.kamp@eeoc.gov |
| Dated: January 11, 2013 | s/ *Dennis R. McBride*<br>Dennis R. McBride, Senior Trial Attorney<br>Equal Employment Opportunity Commission<br>Milwaukee Area Office<br>310 West Wisconsin Avenue - Suite 800<br>Milwaukee, WI 53203-2292<br>*Telephone*: (414) 297-4188  *Fax*: (414) 297-3146<br>*E-mail*:   dennis.mcbride@eeoc.gov |
|  | SHERRY L. BROWN n/k/a MEYER<br>By one of her attorneys: |
| Dated: January 11, 2013 | s/ *Richard J. Wasik*<br>Richard J. Wasik, Esq.<br>Law Office of Richard J. Wasik<br>3400 West 111th Street, #330<br>Chicago, IL 60655<br>*Telephone*:   (708) 807-0019  *Fax*: (708) 597-2537<br>*E-mail*:   wasiklaw@gmail.com |
|  | MERRILL PINE RIDGE, LLC<br>KIM'S WISCONSIN, LLC<br>By their attorneys, |
| Dated: January 11, 2013 | s/ *Jeff Scott Olson*<br>Jeff Scott Olson<br>The Jeff Scott Olson Law Firm, S. C.<br>131 West Wilson Street, Suite 1200<br>Madison, WI 53703-3245<br>*Telephone*:   (608) 283-6001   *Fax:* (608) 283-0945<br>*E-mail*:   jsolson@scofflaw.com |

8

*Exhibit A*

## RELEASE

In consideration for $41,000 paid to me by defendants Merrill Pine Ridge LLC and Kim's Wisconsin LLC (hereinafter "the Defendants") in connection with the resolution of *Equal Employment Opportunity Commission and Sherry L. Brown v. Merrill Pine Ridge LLC, d/b/a New Pine Ridge Restaurant, and Kim's Wisconsin LLC, d/b/a New Pine Ridge Restaurant*, Civil Action No. 11-cv-589 (W.D. Wis.), I waive and release my right to recover for any claim that I have or had against the Defendants prior to the date of this release and that was included or could have been included in the claims alleged by the EEOC or by me in *EEOC, et al. v. Merrill Pine Ridge LLC, et al.*, Civil Action No. 11-cv-589 (W.D. Wis.).

Dated: _____, 2013       _____
                                  Sherry L. Meyer (formerly known as Sherry L. Brown)


STATE OF _____ )
                          ) ss.
COUNTY OF _____ )

    Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared Sherry L. Meyer, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

    Signed and sworn to before me on this _____ day of _____, 2013.

_____
Notary Public

*Exhibit B*

# NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to an order of the U.S. District Court in *Equal Employment Opportunity Commission and Sherry L. Brown v. Merrill Pine Ridge LLC and Kim's Wisconsin LLC*, Civil Action No. 11-C-589 (W.D. Wis.), resolving a lawsuit filed by the EEOC and Sherry Brown against Merrill Pine Ridge LLC and Kim's Wisconsin LLC (both doing business as New Pine Ridge Restaurant). The EEOC and Ms. Brown alleged that the Restaurant subjected Ms. Brown and other female employees to a sexual harassment and did not carry out its duty to prevent and promptly correct that harassment. The EEOC and Ms. Brown also alleged that the Restaurant violated federal law when it fired Ms. Brown and other female employees after they complained of the alleged sexual harassment.

The EEOC is a U.S. government agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in U.S. district courts to enforce federal laws which prohibit discrimination in the workplace.

One such law, Title VII of the Civil Rights Act of 1964, prohibits sexual harassment of employees. It also prohibits employers from retaliating against employees who engage in protected activities under that law, such as opposing sexual harassment and other discriminatory employment practices, filing a charge of discrimination with a government agency, or testifying or participating in an EEOC investigation.

To resolve the lawsuit, the EEOC and the defendants have entered into a Consent Decree which is in effect for 36 months (3 years) and which provides that the defendants will: (1) pay $41,000 to Sherry Brown to resolve her claims; (2) not discriminate on the basis of sex or retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a discrimination charge, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (3) train their owner and all of their employees, managers, and supervisors at their Merrill, Wisconsin, restaurant and gas station regarding sexual harassment and the defendants' policy prohibiting sexual harassment.

If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 36 months from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____, 2013     By: _____
                                      Qemal Alimi, Managing Member
                                      Merrill Pine Ridge LLC and Kim's Wisconsin LLC

10